**SO ORDERED.**

**SIGNED this 17 day of September, 2010.**

_____

**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

**IN RE:**

| | |
|---|---|
| **JONI CHERYL LODGE,** | **CHAPTER 13** |
| **DEBTOR** | **CASE NO. 10-04493-8-RDD** |

## ORDER CONFIRMING CHAPTER 13 PLAN OF REORGANIZATION

Pending before the Court is the Motion for Confirmation of the Plan filed by Robert Browning (the "Chapter 13 Trustee") on July 30, 2010 (the "Motion") and the Objection to Confirmation of Plan filed by Joni Cheryl Lodge (the "Debtor") on August 3, 2010 (the "Objection"). The Debtor filed her Chapter 13 petition and plan of reorganization on June 3, 2010. The Court conducted the confirmation hearing in Wilson, North Carolina on September 14, 2010.

The Debtor asserts in the Objection that confirmation of the plan, as proposed, would provide double payments to Wells Fargo Bank NA ("Wells Fargo") for the months of July 2010 and August 2010. The Debtor alleges, and the proof of claim confirms, that Wells Fargo included these amounts as part of its arrearage claim. Since these amounts were included in the proof of claim arrearage, the Debtor requests that the Court waive the requirement set forth in the Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments, dated November 5,

2009 (the "Administrative Order") that the trustee include an additional two months of mortgage payments in a proposed Chapter 13 plan. The Debtor contends by including these additional payments as an administrative claim, Wells Fargo will receive two payments for the months at issue.

The Chapter 13 Trustee does not dispute the Debtor's contention that she will be making double payments to Wells Fargo but contends that he is required by the Administrative Order to include as an administrative expense an amount equal to two months of mortgage payments.[1]

Wells Fargo filed a proof of claim on June 14, 2010 in the amount of $75,594.13 including arrearages of $3,169.58. The exhibit to the proof of claim shows that two post-petition payments were included in the calculation of the arrearage due. Where two post-petition payments have already been added to the claim filed by the Real Property Creditor,[2] then the Chapter 13 trustee should be excused from filing the Administrative Arrearage claim as required under Paragraph 4.a.

---

[1] Paragraph 4.a. of the Administrative Order provides that the Bankruptcy Trustee "shall include for payment under the Debtor's plan an allowed Administrative Arrearage claim as defined in Paragraph 1[.]b. of this order for each Real Property Creditor for which he shall disburse Conduit Payments. This amount shall be added to the Pre-Petition Arrearage claim and shall be paid on a pro-rata basis with other allowed secured claims being paid through the Debtor's plan, subject to the provisions of Paragraph 4.d., below."

Paragraph 1.b. of the Administrative Order defines Administrative Arrearage as "...the total amount of two full post-petition mortgage payments and shall be added to the Pre-Petition Arrearage Claim."

Paragraph 1.h. of the Administrative Order defines Real Property Creditor as "...any entity holding or owning an allowed secured claim by virtue of a mortgage, note, deed of trust, or other consensual lien on real property that constitutes the Debtor's principal residence including but not limited to any assignees, agents or servicers."

[2] The terms Administrative Arrearage and Real Property Creditor as used in this order shall have the same meaning as provided for in the Administrative Order.

of the Administrative Order, since the Real Property Creditor is entitled to be paid only once for the monthly payments due after the petition date.

Therefore, where the Real Property Creditor has included the Administrative Arrearage claim amount in its proof of claim, the Chapter 13 Trustee is excused from filing an Administrative Arrearage claim.  Otherwise, the Chapter 13 plan is **CONFIRMED**.

**SO ORDERED.**

**END OF ORDER**

3